UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HANSON AGGREGATES MIDWEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-31-TS |
| | ) | |
| BUNN EXCAVATING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Hanson Aggregates Midwest, Inc., sued the Defendant, Bunn Excavating, Inc., for breach of contract. The Plaintiff alleges that it sold the Defendant goods on credit and the Defendant did not pay for them. This matter is before the Court on the Plaintiff's Motion for Summary Judgment [DE 15], filed on August 9, 2006.

**BACKGROUND**

On February 1, 2006, the Plaintiff filed its Complaint against the Defendant invoking the Court's diversity jurisdiction. Exhibit A to the Complaint is the Credit Application and Purchase Agreement that the Plaintiff alleges the Defendant breached when it did not pay for goods the Plaintiff sold and delivered to it on credit. The Plaintiff attached a statement of account to its Complaint in support of its claim that the principal amount of the Defendant's debt is $419,012.41.

The Defendant, in its Answer filed on March 31, 2006, admitted that it executed the attached Agreement but denied that it owed the Plaintiff the amount stated or that it failed to pay for goods and materials received.

On April 13, 2006, the Court held a preliminary pretrial conference in which it set discovery and dispositive motion deadlines and a final pretrial and trial date.

On August 9, 2006, the Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Plaintiff submitted that the Defendant admitted liability during the April 13 preliminary pretrial conference and that the only remaining issue was the amount of damages. The Plaintiff attached an affidavit, statement of account, and invoices in support of the amount of damages and requested judgment as a matter of law.

On September 11, the Defendant opposed the Plaintiff's motion on the grounds that the Plaintiff did not present uncontested evidence on each element of its claim.

The Plaintiff did not file a reply.

**DISCUSSION**

The essential elements of any breach of contract claim are the existence of a contract, the defendant's breach of the contract, and damages. *Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 995 (Ind. Ct. App. 1998). The parties do not dispute the existence of a contract. As to the second element, the Plaintiff asserts that the Defendant's counsel, during a telephonic pretrial conference, admitted liability. The Plaintiff maintains that, accordingly, the only issue is the amount of damages, the third element of a breach of contract claim. In support of this element, the Plaintiff provides the affidavit of David Lindell, who states that the Defendant is indebted to the Plaintiff for goods provided on credit and that the attached statement of account and invoices are true and accurate copies.

The Plaintiff does not present any evidence in support of its claim that the Defendant

admitted liability, at the preliminary pretrial conference or otherwise. For its part, the Defendant counters that it has not stipulated to liability but quite the opposite, as evidenced by its Answer denying liablity. Lindell's affidavit is relevant only to showing the amount of money that the Plaintiff's records indicate are due and owning from the Defendant. It does nothing to establish the element of breach. *See* Fed. R. Civ. P. 56(e) (stating that affidavits supporting summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). As the Defendant points out in its brief:

> Mr. Lindell does not state that he was personally involved in the transactions giving rise to the alleged debt, that Bunn breached the terms and conditions of the purchase agreement, that Bunn conceded or otherwise acknowledged the amount of the debt to him, or that the attached invoices accurately reflect the quantity of the goods and materials delivered to or acquired by Bunn.

(Def. Mem. at 6.)

Because the Plaintiff has failed to present evidence on an element of its claim upon which it would bear the burden of proof at trial, it has not shown that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Furthermore, because the Plaintiff has not presented a properly supported motion for summary judgment demonstrating a lack of genuine issue of material fact, the Defendant is under no burden to set forth specific facts to establish that there is a genuine issue for trial. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (setting forth the non-movants burden to defeat "an otherwise properly supported motion for summary judgment"); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 111 (7th Cir. 1990) (stating that if moving party meets burden of producing sufficient evidence to support conclusion that there were no genuine issues for trial

court will then examine sufficiency of nonmovant's response). The Plaintiff is not entitled to summary judgment on its claim that the Defendant is indebted to it in the amount of $419,012.41 plus interest.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment [DE 15] is DENIED.

SO ORDERED on October 10, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION