UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HANSON AGGREGATES MIDWEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-31-TS |
| | ) | |
| BUNN EXCAVATING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Hanson Aggregates Midwest, Inc., sued the Defendant, Bunn Excavating, Inc., for breach of contract. The Plaintiff alleges that it sold the Defendant goods on credit and the Defendant did not pay for them. This matter is before the Court on the Plaintiff's Renewed Motion for Summary Judgment [DE 18], filed on November 13, 2006.

**BACKGROUND**

On February 1, 2006, the Plaintiff filed its Complaint against the Defendant invoking the Court's diversity jurisdiction. Exhibit A to the Complaint is the Credit Application and Purchase Agreement that the Plaintiff alleges the Defendant breached when it did not pay for goods the Plaintiff sold and delivered to it. The Plaintiff attached a statement of account to its Complaint in support of its claim that the principal amount of the Defendant's debt is $419,012.41.

The Defendant, in its Answer filed on March 31, 2006, admitted that it executed the attached Agreement and that the Plaintiff sold it goods and materials on credit but denied that it owed the Plaintiff the amount stated or that it failed to pay for goods and materials received.

On August 9, 2006, the Plaintiff moved for summary judgment pursuant to Federal Rule

of Civil Procedure 56. The Plaintiff submitted that the Defendant admitted liability during the parties' preliminary pretrial conference and that the only remaining issue was the amount of damages. The Plaintiff attached the affidavit of David Lindell, a statement of account, and invoices in support of the amount of damages and requested judgment as a matter of law.

On September 11, the Defendant opposed the Plaintiff's motion on the grounds that the Plaintiff did not present uncontested evidence on each element of its claim for breach of contract. Specifically, the Defendant argued that, in the purchase agreement the Defendant agreed to pay its account in full according to attached terms and conditions, but these terms and conditions were not referenced in the complaint or in any documents presented in support of summary judgment. The Defendant also denied admitting liability during the pretrial conference.

The Plaintiff did not file a reply to the Defendant's brief in opposition to summary judgment.

On October 10, 2006, the Court issued an Opinion and Order denying the Plaintiff's Motion for Summary Judgment. The Court noted that while Lindell's affidavit was relevant to showing the amount of money that the Plaintiff's records indicate are due and owning from the Defendant, it did nothing to establish the element of breach, which was an element of the Plaintiff's claim upon which it would bear the burden of proof at trial. Lindell did not even state that the attached invoices accurately reflected the quantity of the goods and materials delivered to the Defendant. Therefore, the Plaintiff did not show that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law.

On November 13, 2006, the Plaintiff filed a Renewed Motion for Summary Judgment. The Plaintiff asserted that the revised affidavit of Lindell established that the Defendant

breached the parties' agreement by failing to make timely payment for materials it purchased from the Plaintiff on credit and also established the amount of liability. The Plaintiff maintains that there is no longer any genuine issue of material fact and that it is entitled to summary judgment on its breach of contract claims.

On December 13, the Defendant responded, arguing that because the Plaintiff did not have any basis to renew its motion and because Lindell's affidavit was still insufficient to establish the element of breach or the amount of damages, it was not required to (and did not) contest the Plaintiff's facts. The Defendant urged the Court to deny the Plaintiff's Motion and let the case proceed with discovery.

On December 20, the Plaintiff replied. The Plaintiff defended Lindell's affidavit as being based on his personal knowledge of the facts and his review of the Plaintiff's records kept in the ordinary course of business. The Plaintiff argued that discovery was not necessary for it to prove its case; the discovery deadline had already passed.

On February 26, 2007, the parties participated in a telephonic status conference with the Court. The Court reaffirmed the trial date and set a final pretrial conference for April 9, 2007.

## STATEMENT OF FACTS

The Plaintiff, Hanson Aggregates Midwest, Inc., is a Kentucky corporation with its principal office in Louisville, Kentucky. The Defendant, Bunn Excavating, Inc., is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. Bart W. Bunn is the President of Bunn Excavating.

On July 13, 2005, Bart Bunn executed a Credit Application & Purchase Agreement on

3

behalf of the Defendant. The Agreement provides that the Defendant will pay its account in full according to the terms and conditions attached, for the purchase of goods. In the event its account was not paid, the Defendant agreed to pay delinquency charges in the amount of 18% per annum from the date of the charge until paid in full. The Defendant also agreed to pay all costs, collection fees, and attorney fees associated with collection actions, including for enforcement of any judgment. The "Credit Manager Special Accounts" for the Plaintiff, David Lindell, who is custodian of records for the Plaintiff's credit activities, reviewed the records regarding the credit account for the Defendant. He stated in an affidavit that the Plaintiff sold goods to the Defendant on credit pursuant to the terms of the Agreement and that the terms of the Agreement and the invoices issued to the Defendant called for payment on "net 30 days" terms. Attached to the Complaint are copies of the statement of account summarizing the Defendant's indebtedness for $419,012.41, and attached to the affidavit are copies of the invoices underlying and supporting the statement of account summary. Lindell stated in his affidavit that the Plaintiff provided and delivered to the Defendant the material identified on each invoice and that the Defendant has not paid for the material.[1]

## DISCUSSION

The essential elements of any breach of contract claim are the existence of a contract, the defendant's breach of the contract, and damages. *Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 995 (Ind. Ct. App. 1998). The parties do not dispute the existence of a contract. The

---

[1] Although delivery tickets are also attached to Lindell's affidavit, they are not referenced in the affidavit. This appears to be an oversight by the Plaintiff as its reply brief refers to the delivery tickets and Lindell's authentication of them in paragraph 10 of his affidavit. However, the affidavit ends at paragraph 8 and contains no reference to delivery tickets.

Plaintiff contends that Lindell's affidavit and supporting documents are sufficient to establish that the Plaintiff delivered $419,012.41 worth of materials to the Defendant, that the Defendant did not pay for the materials, and that its nonpayment is a violation of the parties' agreement. The Defendant has not disputed the terms of Agreement, the Plaintiff's delivery of the goods, or its failure to pay for the goods. Instead, the Defendant contends that the Plaintiff's evidence falls short of providing uncontested evidence on each element of its case and, therefore, the Defendant is not required to come forward with any evidence of its own to oppose the Plaintiff's Motion. The Defendant also argues that the Plaintiff has no legal basis to renew a motion that it previously lost. The Defendant asks the Court to deny the Plaintiff's Motion for Summary Judgment and allow this case to proceed with discovery.

**A.     Basis for Renewed Motion for Summary Judgment**

The Defendant argues that because no new evidence is designated, no new witnesses are named, no additional discovery was served, and no new legal arguments are presented, the Court should not consider the Plaintiff's renewed motion for summary judgment. The Defendant also suggests that it is not proper for the Plaintiff to attempt to demonstrate the merits of its case on a motion for summary judgment before it conducts discovery.

The Plaintiff's Renewed Motion for Summary Judgment comes before the Court under unique circumstances. When the Plaintiff filed its original motion for summary judgment, it did not attempt to establish the element of breach through admissible evidence because it was under the impression that the Defendant had already admitted liability. This is not a situation where the plaintiff intentionally withheld essential facts for later use on reconsideration of its motion.

5

Neither is the Plaintiff presenting belated factual or legal arguments. While some of Lindell's statements may be considered new (they were not made in his first affidavit), they are offered to make a complete record of the parties' terms for payment and the Defendant's failure to meet these terms. The need to supplement the record was only necessary because the Plaintiff misunderstood the Defendant's position regarding these facts, not because the Plaintiff was trying to gain an unfair tactical advantage.

Given the posture of this case, it would not advance a fair and efficient resolution of the case to strike the Plaintiff's Renewed Motion, particularly if it has merit and a trial is not warranted because the case is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). The purpose of a motion for summary judgment is to determine whether a trial is warranted. *Id.*, 477 U.S. at 249 (stating that the judge's function at the summary judgment stage is to determine whether there is a genuine issue for trial). "It is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Cont'l Ill. Nat'l Bank*, 704 F.2d 361, 367 (7th Cir. 1983).

The Defendant argues that this Court should not consider the motion for summary judgment, but allow the case to proceed to discovery. The Defendant has not established that additional time for discover would change the outcome of this case at the summary judgment stage. First, the time for discovery has already passed. The Defendant has not given this Court any reason why it did not conduct discovery in the allotted time. Second, the Plaintiff cannot be compelled to conduct discovery. If the Plaintiff believes that it is in possession of all the documents and evidence that it needs to prove the elements of its claim, it does not have to

request discovery from the Defendant. The Defendant cannot claim that it is unfairly prejudiced by the Plaintiff's motion (and the Plaintiff's failure to conduct discovery) because it is the Plaintiff who bears the burden of proof.

If the Defendant believes that the Plaintiff's motion is premature such that the Defendant was prevented from conducting necessary discovery, it should have used the procedures set forth in Rule 56(f). Rule 56(f) authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion. Fed. R. Civ. P. 56(f). Here, the Defendant has not offered any such affidavit or otherwise indicated what discovery it seeks or how such discovery would generate any genuine issues of material fact.

**B.     Lindell Affidavit**

The Defendant acknowledges that Lindell's affidavit, used to support the Plaintiff's Renewed Motion for Summary Judgment, alleges breach of contract, but argues that it is still deficient because Lindell's statements are not admissible.  The Defendant maintains that for Lindell's affidavit to be competent, he must demonstrate that his statements are not based upon the hearsay comments of others, but are derived from his own personal knowledge. The Defendant argues that Lindell's affidavit does not meet this standard because he has not demonstrated that he was personally involved in the transactions giving rise to the debt, he does not state that the Defendant breached the terms and conditions of the purchase agreement, that the Defendant conceded or otherwise acknowledged the amount of the debt to Lindell, or that the

7

attached invoices accurately reflect the quantity of good and materials delivered to or acquired by the Defendant. (DE 19 at 8.) The Defendant argues that even if the exhibits are not considered hearsay, but are admitted under Federal Rule of Evidence 803(6) as records of regularly conducted business activity, Lindell's review of these records does not establish the Defendant's breach of contract, which it argues must come from a witness who has personal knowledge concerning the relative performance of the Plaintiff's and the Defendant's agents.

The Plaintiff responds that it is not required to offer the testimony of each salesperson who sold the goods or the truck drivers that delivered the materials for which it seeks payment. Rather, Lindell's affidavit meets its burden of proof because it is based on his personal knowledge from his position with the Plaintiff as a credit manager and records keeper. The Plaintiff contends that the invoices themselves are records of regularly conducted business activity made at or near the time of the event recorded and that Lindell's affidavit authenticates the invoices and establishes the amount of damages and proves that the Defendant received the materials purchased. In conjunction with Lindell's statements that the Defendant failed to make timely payments for the material, thus breaching their agreement, the Plaintiff argues that it is entitled to judgment as a matter of law.

**1.**     *Personal Knowledge of Affiant*

Statements supporting a party's position on summary judgment based on hearsay rather than personal knowledge are not permissible in a Rule 56(e) affidavit. The Defendant argues that Lindell's affidavit does not demonstrate the basis for Mr. Lindell's personal knowledge that the Plaintiff sold goods to the Defendant, or that the Defendant is indebted to the Plaintiff in the

principal amount for goods and materials provided.

The Plaintiff does not contend that Lindell had such knowledge. Rather, the purpose of Lindell's affidavit is to authenticate the Plaintiff's invoices because they identify the goods shipped to the Defendant and their value. These invoices are admissible to prove the matters asserted within if they have been properly authenticated as records of regularly conducted business activity.

**2.     *Invoices Admissible as Records of Regularly Conducted Activity***

Generally, documents prepared in the normal course of business are excluded by the hearsay rule and are admissible to prove the matters asserted therein. Fed. R. Evid. 803(6).

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness.

*Id.* A document is admissible as a business record under Rule 803(6) if: "1) the acts recorded therein were reported by a person with knowledge, 2) it was the regular practice of the [business] as a regularly conducted business activity to record such acts, 3) the acts were recorded at or near the time of their occurrence, and 4) the documents are properly authenticated 'unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.' " *Wheeler v. Sims*, 951 F.2d 796, 802 (7th Cir. 1992) (footnote omitted).

> A party establishes a foundation for admission of business records when it demonstrates through the testimony of a qualified witness that the records were kept in the course of a regularly conducted business activity, and that it was the regular practice of that business to make such records. *See Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998), citing *United States v. Briscoe*, 896 F.2d 1476,

9

> 1494 (7th Cir. 1990). A qualified witness does not need to be the person who prepared the records or have personal knowledge of the information contained, but the witness must have knowledge of the procedure by which the records were created. *See id.*

*United States v. Given*, 164 F.3d 389, 394 (7th Cir. 1999).

The Defendant argues that Lindell's statements do not meet the requirements for admissibility of a document under Rule 803(6). Although the Plaintiff argues in its brief that invoices are traditional business records, the affidavit of Lindell does not support this statement. Lindell does not indicate that the invoices were made in the course of regularly conducted business activity or that it was the Plaintiff's regular practice to make such records, that they were made at or near the time of their occurrence, or that he has knowledge of the procedures used to create the records. Thus, he does not establish a proper foundation for the admissibility of the documents.

> To be admissible as a business record, a document must have sufficient indicia of trustworthiness to be considered reliable. *See Saks Int'l, Inc. v. M/V "Export Champion*," 817 F.2d 1011, 1013 (2d Cir. 1987). Normally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records.

*Woods v. City of Chi.*, 234 F.3d 979, 988 (7th Cir. 2000). While Lindell may be qualified, as the Credit Manager for Special Accounts for the Plaintiff, to introduce the invoices, he does not actually attest to their authenticity. *See United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1984) ("The business records exception to the hearsay rule clearly does not require that the witness have personal knowledge of the entries in the records. The witness need only have knowledge of the procedures under which the records were created."). The invoices are not

admissible on the current record.

To be admissible, the Plaintiff must provide an affidavit from a person with knowledge about the procedures that were used to create the invoices. Those procedures will support the admissibility of the invoices under the hearsay exception found in Federal Rule of Evidence 803(6) if the affiant attests that the invoices were: made at or near the time of their occurrence "by, or from information transmitted by, a person with knowledge;" were made in the course of regularly conducted business activity; and that it was the Plaintiff's regular practice to make such records.

### C.     Breach of Contract

The Defendant does not present any facts in opposition to the Plaintiff's Motion for Summary Judgment and instead relies on his argument that the Plaintiff's evidence is insufficient to prove its breach of contract claim. Because the Court agrees that Lindell's Affidavit does not properly authenticate the attached invoices (and because other documents referenced in the Plaintiff's brief were not actually attached) the Plaintiff has not established that it is entitled to judgment as a matter of law on its breach of contract claim.

### CONCLUSION AND ORDER

For the foregoing reasons, the Plaintiff's Renewed Motion for Summary Judgment [DE 18] is DENIED without prejudice to refiling at such time the Court may set. There is currently no dispositive motion deadline. The April 9, 2007, Final Pretrial Conference is confirmed for 1:30 p.m.

SO ORDERED on March 15, 2007.

                                       s/ Theresa L. Springmann  
                                      THERESA L. SPRINGMANN  
                                      UNITED STATES DISTRICT COURT  
                                      FORT WAYNE DIVISION